## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

ASHLEY FRINKLE, Individually and on                                                PLAINTIFF
Behalf of All Others Similarly Situated

    v.                Case No.: 2:21-cv-2196-PKH

RIVER VALLEY COUNSELING AND THERAPY, PA,                                  DEFENDANTS
and AMANDA JONES-SHELTON

## ANSWER

Comes now the Defendants, River Valley Counseling and Therapy, PA, and Amanda Jones-Shelton ("Defendants") by and through undersigned counsel, for their Answer to the Plaintiff's Complaint states the following:

## PRELIMINARY STATEMENT

Defendants deny each and every allegation in the Complaint except as specifically admitted herein, and any factual averments admitted herein are admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation in any averment or in the Complaint as a whole.

1. Paragraph 1 of Plaintiff's Complaint does not contain factual assertions that can be admitted or denied but is a summary of the causes of action brought in the Complaint. Defendants deny that Plaintiff is entitled to any relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Arkansas Minimum Wage Act, ARK. CODE ANN. § 11-4-201, *et seq.* ("AMWA"), and ARK. CODE ANN. § 11-4-405.

2. Paragraph 2 of Plaintiff's Complaint does not contain factual assertions that can be admitted or denied but is a summary of relief sought by Plaintiff as brought in the Complaint. Defendants deny that Plaintiff is entitled to any relief under the Favor Labor Standards Act, 29

1

U.S.C. § 201, *et seq.* ("FLSA"), the Arkansas Minimum Wage Act, ARK. CODE ANN. § 11-4-201, *et seq.* ("AMWA"), and ARK. CODE ANN. § 11-4-405.

3. Defendants admit the subject matter jurisdiction of this suit under provisions 28 U.S.C. § 1331. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit that the venue is proper within the Fort Smith Division of the Western District of Arkansas. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, deny the same.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

**FACTUAL ALLEGATIONS**

11. Defendants adopt, reallege and incorporate by reference all admissions, denials, and affirmative defenses set forth in the preceding Paragraphs of this Answer.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit that Jones-Shelton assisted in the management of River Valley Consulting and Therapy. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint and are currently conducting their own investigation with respect to the same and, therefore, deny the allegations at this time.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint and, therefore, deny the same.

26. Defendants admit that Plaintiff received payment for her services. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 26 of the Complaint and, therefore, deny the same.

27. Defendants admit that LPCs received payment for their services. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint and, therefore, deny the same. Stating affirmatively, Plaintiff was not an employee of Defendants.

29. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 29 of the Complaint and, therefore, deny the same. Stating affirmatively, Plaintiff was not an employee of Defendants.

30. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint and, therefore, deny the same.

31. Defendants admit that Plaintiff provided counseling and therapy services to clients. Defendants deny the remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit that LPCs provide and have provided counseling and therapy services to clients. Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants admit that Plaintiff was, as she knows, an independent contractor. Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint. Stating affirmatively, Plaintiff knows she was an independent contractor for River Valley Counseling and Therapy.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants admit that Plaintiff contracted her services out to River Valley Counseling and Therapy. Defendants deny the remaining allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit that Plaintiff, as a contractor, could retain her own subcontractors. Defendants deny the remaining allegations contained in Paragraph 42 of the Complaint.

43. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 43 of the Complaint and, therefore, deny the same.

44. Defendants admit that Plaintiff and other LPCs did, at times, render services at River Valley Counseling and Therapy. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 44 of the Complaint and, therefore, deny the same.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 48 of the Complaint and, therefore, deny the same.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants admit Plaintiff provided her services for profit. Defendants deny the remaining allegations contained in Paragraph 50.

51. Defendants do not know what Plaintiff means by the term "losses," as is used in Paragraph 51 of the Complaint and, therefore, deny the same.

52. Defendants do not know what Plaintiff means by the term "investment," as is used in Paragraph 52 of the Complaint and, therefore, deny the same.

53. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 53 of the Complaint and, therefore, deny the same.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants are without sufficient information to admit or deny whether Plaintiff worked in excess of 40 hours per week as Plaintiff was not an employee of either Defendant. Defendants deny the remaining allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint. Stating affirmatively, there was no "employment" for Defendants to terminate Plaintiff from.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants adopt, reallege and incorporate by reference all admissions, denials, and affirmative defenses set forth in the preceding Paragraphs of this Answer.

70. Defendants admit Plaintiff brings this claim pursuant those statues identified in Paragraph 71 and its subparts (a)-(c) of the Complaint. Stating affirmatively, Plaintiff is not entitled to any of the relief she seeks. The remaining allegations contained in Paragraph 70 and its subparts (a)-(c) of the Complaint are denied.

71. Paragraph 71 of the Complaint is a statement of law, which speaks for itself and requires no response from these Defendants. To the extent Paragraph 71 of the Complaint makes any factual allegations, the same is denied.

72. Defendants are without sufficient information to admit or deny the allegations in Paragraph 72 of the Complaint and, therefore, deny the same.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint, as well as it subparts (a)-(e).

75. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 75 of the Complaint and, therefore, deny the same. Stating affirmatively, there are no persons apart of this collective action, including Plaintiff, who is not entitled to any of the relief she seeks.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

79. Defendants adopt, reallege and incorporate by reference all admissions, denials, and affirmative defenses set forth in the preceding Paragraphs of this Answer.

80. Defendants admit Plaintiff "asserts this claim for damage and declaratory relief to the FLSA." Defendants admit the allegations contained in Paragraph 80 of the Complaint. Stating affirmatively, Plaintiff is not entitled to any relief under 29 U.S.C. § 201 *eq seq*.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint is a statement of law, which speaks for itself and requires no response from these Defendants. To the extent Paragraph 71 of the Complaint makes any factual allegations, the same is denied.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

91. Defendants adopt, reallege and incorporate by reference all admissions, denials, and affirmative defenses set forth in the preceding Paragraphs of this Answer.

92. Defendants admit the allegations contained in Paragraph 92 of the Complaint. Stating affirmatively, Plaintiff is not entitled to any relief under 29 U.S.C. § 201 *eq seq*.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint is a statement of law, which speaks for itself and requires no response from these Defendants. To the extent Paragraph 94 of the Complaint makes any factual allegations, the same is denied.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Individual Claim for Violation of the AMWA)**

102. Defendants adopt, reallege and incorporate by reference all admissions, denials, and affirmative defenses set forth in the preceding Paragraphs of this Answer.

103. Defendants admit the allegations contained in Paragraph 92 of the Complaint. Stating affirmatively, Plaintiff is not entitled to any relief under Ark. Code Ann. § 11-4-201 *et seq*.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint is a statement of law, which speaks for itself and requires no response from these Defendants. To the extent Paragraph 105 of the Complaint makes any factual allegations, the same is denied.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. Defendants adopt, reallege and incorporate by reference all admissions, denials, and affirmative defenses set forth in the preceding Paragraphs of this Answer.

112. Defendants admit the allegations contained in Paragraph 112 of the Complaint. Stating affirmatively, Plaintiff is not entitled to any relief under Ark. Code Ann. § 11-4-405 *et seq*.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint is a statement of law, which speaks for itself and requires no response from these Defendants. To the extent Paragraph 114 of the Complaint makes any factual allegations, the same is denied.

115. Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint.

### PRAYER FOR RELIEF

117. Defendants deny that Plaintiff is entitled to any of the relief she requests in her "WHEREFORE" clause or any of its subparts (A)-(I). Stating affirmatively, Plaintiff seeks relief pursuant state and federal laws that are inapplicable to her.

### **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, and reserving the right to amend this Answer to assert additional defenses as they may become known during discovery, Defendants assert the following defenses and/or affirmative defenses:

118. Plaintiff's Complaint, in whole or in part, fails to state claims upon which relief can be granted, and therefore, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Defendants

specifically reserve the right to file subsequent motions to dismiss challenging the sufficiency of Plaintiff's claims, as pled, or the legal grounds for such claims.

119. To the extent Plaintiff has failed to timely and properly exhaust all administrative remedies as to some or all of the allegations in the Complaint, such claims should be dismissed.

120. Some or all of Plaintiff's claims are barred by the applicable periods or statutes of limitations and/or laches.

121. Some or all of Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, unclean hands, and/or after-acquired evidence.

122. Some or all of Plaintiff's claims are barred by accord and satisfaction.

123. Some or all of Plaintiff's claims are barred by release and indemnity.

124. Defendants affirmatively plead that their conduct was not at any time characterized by malice, by reckless disregard of the consequences, nor was it intentionally pursued for the purpose of causing injury such that additional statutory or equitable relief is proper or necessary.

125. This case presents legal issues that turn heavily on a fact intensive analysis unique to each LPC. As such, the proposed members are not similarly situated and bringing this as a collective action is not appropriate.

126. Defendants specifically reserve and plead all affirmative defenses which may be applicable to the claims of Plaintiff pursuant to Fed. R. Civ. P. 8(c).

127. Defendants specifically reserve and plead all defenses enumerated in Fed. R. Civ. P. 12(b), including lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19.

WHEREFORE, Defendants River Valley Counseling and Therapy, PA and Amanda Jones-Shelton respectfully request that Plaintiff's Complaint be dismissed and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

**RIVER VALLEY COUNSELING AND THERAPY, PA**, and **AMANDA JONES-SHELTON**, *Defendants*

By:    /s/ Bo Renner
       Bo Renner (AR Bar 2017130)
       Tim Hutchinson (AR Bar 2000030)
       **RMP LLP**
       5519 Hackett Rd., Suite 300
       Springdale, AR 72762
       P: (479) 443-2705 | F: (479) 443-2718
       thutchinson@rmp.law
       brenner@rmp.law

       *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I, Bo Renner, certify that on this 3rd day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing and a copy of the filing to all counsel of record.

                                                    */s/ Bo Renner*
                                                    Bo Renner